# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOE EDWARD STRATMOEN,            )
                                 )
                  Petitioner     )
                                 )
          v.                     )      No. CIV-04-279-S
                                 )
RON WARD, Warden,                )
                                 )
                  Respondent.    )

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and currently incarcerated at the Lawton Correctional Facility in Lawton, Oklahoma, has filed this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, attacking his conviction and sentence in Wagoner County District Court Case Number CF-1999-262 for Unlawful Possession of CDS and Possession of Weapon While Committing a Felony. He sets forth the following grounds for relief:

> The trial court failed to instruct on the state's burden of proof in the second stage of trial, alternatively state presented insufficient evidence of prior After Former Conviction of a Felony; the jury was erroneously instructed as to range of punishment in second stage on Count 2; the jury was erroneously instructed as to the minimum range of punishment in second stage of trial Count 1; the trial court was without authority to empanel a jury for re-sentencing purposes only in this non-capitol case; even if the trial court had jurisdiction to empanel a jury for re-sentencing purposes only the justification for the re-sentencing namely defense counsel's stipulation to prior convictions without Petitioner's agreement did not extend to Count 2 which this court held is not subject to

1

> enhancement; Officer Taylor's testimony that the search warrant was based on reports that a subject named Joe was dealing Methamphetamine out of his house was an evidentiary harpoon that was not harmless; Petitioner's sentence should be reduced because the prosecutor's injection of consideration of parole into the deliberations process infected the proceedings and likely inflated the verdict; the life sentence imposed for possession of a controlled drug with intent to distribute is excessive under the particular circumstances of this case; Appellate counsel's failure to conduct adequate legal research of case law and trial records showing trial counsel was ineffective assistance for stipulation without client's waiver; ineffective assistance of appellate counsel failure to discover meritorious issue of actual conflict of interest required an evidentiary hearing to develop a record for direct review; and constitutionally ineffective assistance of trial counsel.

The respondent has submitted the following records to the court for consideration in this matter:

a. Petitioner's direct appeal brief filed August 30, 2000.

b. Summary Opinion in <u>Stratmoen v. State of Oklahoma</u>, F-2000-292 (Okla. Crim. App. April 24, 2001).

c. Application for Post-Conviction Relief filed November 1, 2001.

d. Petitioner's direct appeal brief filed April 30, 2003.

e. The State's brief in Petitioner's Direct Appeal filed June 26, 2003.

f. Summary Opinion in <u>Stratmoen v. State of Oklahoma</u>, F-2000-292 (Okla. Crim. App. September 25, 2003).

## **FACTS**

Petitioner was tried by a jury in Wagoner County District

2

Court, Oklahoma, on charges of Unlawful Possession of a Controlled Dangerous Substance on Count 1 and Possession of a Weapon While Committing a Felony on Count 2, both after former conviction of two or more felonies.  The jury found the Petitioner guilty on both counts and recommended sentences of thirty years imprisonment on Count 1 and twenty years imprisonment on Count 2.  The trial court sentenced the Petitioner in accordance with the jury's recommendations. Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals, Case No. F-2000-292.  The court affirmed the Petitioner's convictions, but found that his sentence in Count 2 was improperly enhanced.  This Court then modified the Petitioner's sentence on Count 2 from twenty years imprisonment to two years.

The Petitioner subsequently filed for post-conviction relief with the district court alleging that his counsel at trial had been ineffective.  The trial court found merit in the Petitioner's claim and ordered a new jury trial for sentencing purposes only.  Following presentation of evidence and deliberation, the new jury recommended a sentence of life imprisonment on Count 1 and a sentence of ten years imprisonment on Count 2.  The trial court sentenced the Petitioner in accordance with the new jury's recommendations and ordered that the sentences be served concurrently. Petitioner then sought another appeal with the Court of Criminal Appeals in F-2002-1561.  The Court of Criminal Appeals affirmed the sentence imposed by the district court on Count 1, but reduced the sentence in Count 2 to the minimum of two years imprisonment.

### I.  Moot Claims

In his petition for habeas corpus relief the Petitioner set

forth the following grounds for relief on grounds one, two and three respectively: the trial court failed to instruct on the state's burden of proof in the second stage, or alternatively the state presented insufficient evidence of prior AFCF's; the jury was erroneously instructed as to the range of punishment in the second stage on Count 2 and the jury was erroneously instructed as to the minimum range of punishment in the second stage of the trial on Count 1. These claims mirror claims made in his direct appeal in case number F-00-292. Each of these propositions challenge the second stage of Petitioner's trial, to which the state district court granted Petitioner relief by ordering a new sentencing proceeding with a new jury. Petitioner has already been granted relief by the state district court and this court cannot grant any more relief than what has already been rendered. Accordingly, this court finds these issues moot.

Petitioner's fifth ground of relief alleges even if the trial court had jurisdiction to empanel a jury for re-sentencing purposes only, the justification for the re-sentencing, namely defense counsel's stipulation to prior convictions, without Petitioner's agreement, did not extend to Count 2, which the Court of Criminal Appeals held was not subject to enhancement. This ground for relief mirrors Petitioner's second ground of relief requested in his appeal of his second sentencing proceeding. Petitioner was granted relief by the Court of Criminal Appeals when the court modified the jury imposed sentence to the minimum of two years. Thus, Petitioner has already been granted relief by the Court of Criminal Appeals and this court cannot grant any more relief than what has already been given. Accordingly, the court finds the issues raised in Petitioner's fifth ground of relief are moot.

In his habeas petition, Petitioner also seeks relief on the

4

ninth, tenth and eleventh claims as follows: "Appellate counsel's failure to conduct adequate legal research of case law and trial records showing trial counsel was ineffective assistance for stipulation without client's waiver; ineffective assistance of appellate counsel's failure to discover meritorious issue of actual conflict of interest required an evidentiary hearing to develop a record for direct review and constitutionally ineffective assistance of trial counsel."  These claims are likewise moot because these issues mirror the issues raised in Petitioner's state court post-conviction application.  Petitioner was granted relief in this application which resulted in a new sentencing hearing.  There is absolutely no more relief which this court could administer to the Petitioner on these claims. Accordingly, Petitioner's claim for habeas corpus relief is denied on Ground One, Two, Three, Five, Nine, Ten and Eleven because these issues are moot.

## II.  **State Post-Conviction Proceeding**

Under the revised federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In ground four for habeas relief Petitioner alleges "The trial

Court was without authority to empanel a jury for re-sentencing purposes only in this non-capitol case." Petitioner complains the state district court was without jurisdiction to order a re-sentencing hearing before a new jury. He alleges the statute does not allow for a re-hearing before a new jury. Petitioner sought the remedy of a new sentencing hearing and sought this relief though post-conviction relief. This relief rests solely on Oklahoma's post-conviction statute and case law interpreting the statute. This issue is one for state law. Federal courts on habeas review cannot strike down as unconstitutional a state post-conviction procedural rule. Phillips v. Ferguson, 182 F. 3d 769, 772-773 (10th Cir. 1999). See also Sellers v. Ward, 135 F. 3d 1333, 1339 (10th Cir. 1998), cert. denied, 525 U.S. 1024 (1998)(holding when Petitioner asserts no constitutional trial error, but only an error in the state post-conviction procedure, no relief can be granted on habeas corpus) Furthermore, the right to challenge a sentence in a post-conviction application is not constitutionally based. Beavers v. Saffle, 216 F.3d 918, 922 (10th Cir. 2000).

In addition, the Petitioner's claim does not rise to the level of a due process issue. The relief given by the trial court was authorized by state law. The statute in question provides the following options:

> vacate and set aside the judgment and sentence and discharge or re-sentence him, or grant a new trial, or correct or modify the judgment and sentence as may appear appropriate. 22 O.S.A. § 1085.

Clearly, ordering a new jury trial for the sentencing issues was within the range of options offered by this statute. At the

hearing granting post-conviction relief, no objection was made to the form of relief. Petitioner never appealed the granting of a new jury sentencing when the trial court granted such relief. It was not until after the jury recommended the Petitioner be sentenced to a term of years greater than originally imposed, that he raised a claim as to the form of relief granted by the district court.

In objecting to the form of his re-sentencing in state court, Petitioner's complaint is a matter of state law and interpretation of a state statute. Petitioner has failed to raise a claim which rises to the level of a constitutional deprivation of due process. Accordingly, this court denies Petitioner's Fourth ground for habeas corpus relief.

### III. Evidentiary Rulings

In his sixth ground of relief, Petitioner alleges "Officer Samuel Taylor's testimony that the search warrant was based on reports that a subject named Joe was dealing methamphetamine out of his house was an evidentiary harpoon that was not harmless." Specifically, Petitioner is complaining about certain testimony at trial. Petitioner claims that a statement made by Samuel Taylor, an investigator with the Muskogee County District Attorney's Office constituted an evidentiary harpoon. The statement was made in response to defense counsel's question about whose residence was raided by the police when the Petitioner was originally arrested in this case. (Tr. I 141) Defense counsel asked Investigator Taylor whose residence the trailer was and the witness responded that all he knew was what the search warrant said. (Tr. I 141) Investigator Taylor then said that the search warrant stated that someone by the name of Joe was supposed to be dealing methamphetamine out of that

7

particular residence. (Tr. I 141)

In a habeas corpus action, a federal court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). 28 U.S.C. § 2254 (a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution, or laws or treaties of the United States.

Pursuant to section 28 U.S.C. Sec. 2254 (a) the power of a federal habeas corpus court is expressly limited to violation of federal law; questions of state law are not cognizable issues. Brinlee v. Crisp, 608 F. 2d 839, 843 (10th Cir. 1979). Questions pertaining to evidentiary rulings are a matter of state law and lie in the discretion of the state courts. Therefore, as the Tenth Circuit held in Boyd v. Ward, 179 F.3d 904, 916 (10th Cir. 1999), to the extent Petitioner argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief. Erroneous evidentiary rulings are not grounds for federal habeas relief unless the rulings render the state proceedings so fundamentally unfair as to violate due process. See Williamson v. Ward, 110 F.3d 1508, 1522-23 (10th Cir. 1997). Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights. Smallwood v. Gibson, 191 F. 3d 1257, 1275 (10th Cir. 1999).

In Oklahoma, evidentiary harpoons are defined as follows: "(1) they are generally made by experienced police officers; (2)

8

they are voluntary statements; (3) they are wilfully jabbed rather than inadvertent; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and (6) they are prejudicial to the rights of the defendant on trial." Bruner v. State, 612 P.2d 1375, 1378-79 (Okla. Crim. App. 1980) (citations omitted). First, the statement was not volunteered but was made in response to defense counsel's questioning. Second, the statement does not appear to inject information indicating other crimes. The statement was made about the crime with which plaintiff was being charged. Finally, in light of the fact that the Petitioner had already been found guilty by a previous jury in this case the comment does not appear to be prejudicial to the Petitioner. The jury was already aware the Petitioner was being accused of drug dealing. Accordingly, the court fails to see how the statements were an evidentiary harpoon.

It should be noted that Petitioner objected to said statements at trial. The trial court sustained his objections to the comment and ordered it stricken. (Tr. I. 141) When an objection is made and sustained and the comment is stricken, most error is cured. Slaughter v. State, 950 P.2d 839, 869 (Okla. Crim. App. 1997). The court finds there is no merit in Petitioner's sixth ground of relief regarding the evidentiary harpooning allegedly done by Samuel Taylor. Accordingly, Petitioner's sixth ground of relief is denied.

### IV. Prosecutorial Misconduct

In his seventh ground of error Petitioner claims in his habeas corpus petition as he did in his appeal of re-sentencing that the prosecutor improperly referred to the Petitioner's possibility for parole during his closing arguments. Petitioner

9

complained in his direct appeal and herein that the prosecutor
purposefully introduced the issue of parole when, during closing
arguments, the prosecutor noted that the Petitioner had been
convicted of a similar crime in 1997. The prosecutor mentioned
Petitioner received a five year sentence for it, but less than
five years later was again arrested for the instant drug offense.
(Tr. II 218).

In examining habeas corpus claims of prosecutorial
misconduct, "it 'is not enough that the prosecutor['s] remarks
were undesirable or even universally condemned.'" Darden v.
Wainwright, 477 U.S. 168, 181 (1986) (quoting Darden v.
Wainwright, 699 F.2d 1031, 1036 (11th Cir. 1983)). Instead,
"[t]he relevant question is whether the prosecutor['s] comments
'so infected the trial with unfairness as to make the resulting
conviction a denial of due process.'" Id. (quoting Donnelly v.
DeChristoforo, 416 U.S. 637, 643 (1974)). It should be noted
that both parties mentioned the short time between the
Petitioner's prior conviction and current sentence. It appears
the prosecutor was not trying to show the Petitioner did not
serve a full five years on his previous sentence but that despite
having been convicted previously for similar crimes, the
Petitioner seemed to go back to possessing and distributing
illicit drugs as soon as he was out of custody. (Tr. II 211-12).
Further, defense counsel in his closing remarks made a very
similar comment. In fact, defense counsel told the jury that the
Petitioner's quick relapses after his prior conviction may
suggest he needs a wake up call. (Tr. II 218) As both the State
and the Petitioner made nearly identical comments in closing
argument, it is clear that the prosecutor's comment could not
have prejudiced the Petitioner. In addition, the jury had the
Judgment and Sentence from the Petitioner's 1996 case which

showed he received a five year sentence in that case. (Tr. I 136)
Because the jury could have determined from the Judgment and
Sentence that the Petitioner had not served the full five years
sentence before committing the crimes in the instant case, the
prosecutor's remark in no way prejudiced the Petitioner.  After a
careful review of the record, the court finds the decision by the
Oklahoma Court of Criminal Appeals was not contrary to or an
unreasonable application of federal law, and its decision was not
based on an unreasonable determination of the facts.  This ground
for habeas relief fails.

### IV. Excessive Sentence

Petitioner's last ground for error is that his sentences were excessive.  Respondent correctly asserts this claim is not a proper issue for federal habeas corpus, because sentencing is a matter of state law.  Shafer v. Stratton, 906 F.2d 506, 510 (10th Cir.), cert. denied, 498 U.S. 961 (1990).

> The Eighth Amendment's prohibition against imposition
> of cruel and unusual punishment requires that the
> sentence cannot be disproportionate to the severity
> of the crime or involve unnecessary infliction of
> pain.  Again, the guiding rule is that the fixing of
> penalties for crimes is a legislative function, and
> the determination of what constitutes adequate
> punishment is left to the trial court's discretion;
> and if the sentence is within statutory limits, the
> appellate court will not regard it as cruel and
> unusual or excessive.

United States v. O'Driscoll, 761 F.2d 589, 599 (10th Cir. 1985) citations omitted), cert. denied, 475 U.S. 1020 (1986).

In order for Petitioner to be entitled to federal habeas relief based on an excessive sentence, he must show that "the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law."  Hayes v. Butler, 825 F.2d 921, 923-924 (5th

Cir. 1987). Petitioner does not dispute that his sentences were within the range of punishment proscribed by law. The statutory guidelines for the crimes for which the Petitioner was convicted are four (4) years to life imprisonment for Count I for which he received a life sentence and two to ten years imprisonment for Count 2 for which he received 2 years. 21 O.S.A. § 51.1. Because Petitioner's sentence was not outside the statutory limits, habeas relief is not warranted.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 27th day of September 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma